Form 12B

# UNITED STATES DISTRICT COURT
## District of Connecticut

U.S.A. vs. DAVID HOLLINGS          Docket No. 3:02CR00112(RNC)

### Petition For Modification of Conditions or Term of Probation/Supervised Release with the Consent of the Offender

2005 AUG 26  A 7:16

    **COMES NOW**, Charmaine R. Harkins, presenting an official report upon the conduct and attitude of David Hollings who was sentenced to five years probation for a violation of 18 U.S.C. § 641 by the Honorable Robert N. Chatigny, Chief United States District Judge, sitting in the court in Hartford, Connecticut on July 19, 2002 and imposed the general terms and conditions theretofore adopted by the court and also imposed the special condition and terms as follows: 1) The defendant will serve the first six months on home confinement with electronic monitoring; 2) The defendant will perform 150 hours of community service; 3) The defendant will pay restitution in the total amount of $17,484.95 at a rate of $150 per month to the Department of Veterans Affairs; 4) The defendant will participate in a program of substance abuse counseling and treatment; 5) The defendant will participate in a program of mental health treatment counseling, evaluation and treatment; 6) The defendant will provide the U.S. Probation Office with access to any financial information and; 7) The defendant will not incur new credit charges or open additional lines of credit without prior approval.

Mr. Hollings began supervision on July 19, 2002 and is expected to terminate on July 18, 2007.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

On August 2, 2005, the defendant reported that on August 1, 2005, he was taken to the Rushford Center in Middletown, Connecticut. He stated his parents found him unconscious on the floor. Additionally, the offender tested positive for codeine and morphine on June 15, 2005. Upon his discharge, he was referred to the Wheeler Clinic by the U.S. Probation Office for participation in their intensive outpatient treatment program and was subsequently evaluated on August 8, 2005. During that assessment, the offender was recommended for participation in a 30 day inpatient treatment program at the McDonough House in Danbury, Connecticut. He has been at this facility since August 10, 2005.

Additionally, on June 24, 2005, a Report on Offender was submitted to the Court stating that Mr. Hollings has continued to demonstrate that he is unwilling to follow the instructions of the Court with respect to the special conditions of his supervision. Specifically, on May 19, 2005, a routine credit report revealed that the defendant opened a First Premier Bank credit card in February 2005. Mr. Hollings has also been inconsistent with his monthly restitution obligation. He has failed to make payments from November and December 2004 and February through May 2005. He is currently in arrears of $900.

It was decided during a three-way meeting with Supervising U.S. Probation Officer Cerullo, that Mr. Hollings would report more frequently and be expected to submit updated Personal Financial Statements on a quarterly basis. Credit checks would also be requested quarterly and Mr. Hollings agreed to pay an additional $50 per month to address the arrearage. No action was recommended but if Mr. Hollings failed to comply, an additional report to the Court would be submitted.

    **PRAYING THAT THE COURT WILL ORDER** that this petition will serve:

☐ To extend the term of probation/supervised release for years, for a total term of years.
■ To modify the conditions of supervision as follows:

Continued on next page

**ORDER OF COURT**

Considered and ordered this 25 day of August 2005 and ordered filed and made a part of the records in the above case.

_____
The Honorable Robert N. Chatigny
Chief United States District Judge

Respectfully Submitted,

_____
Charmaine R. Harkins
United States Probation Officer

Place: Hartford, Connecticut

Date: 8/25/05

Continued

1)  The defendant shall be placed in the Watkinson Halfway House or its equivalent substitute for a period of three months. Further, the defendant is to comply with all the conditions set forth by staff in this facility;

2)  The defendant shall refrain from any and all uses of alcohol.

3)  The defendant shall participate in a program for the treatment of compulsive gambling in a program approved by the U.S. Probation Office. The defendant shall pay all, or a portion of, the costs associated with treatment, based on his ability to pay, with the amount to be determined by the probation office. The defendant will refrain from gambling and will not enter any establishment known to promote gambling.

Defense Attorney, William Paetzold and Assistant U.S. Attorney Thomas Daly have no objection to this modification. The Waiver of Hearing form is attached.

PROB 49
(3/89)

# United States District Court

### District of Connecticut

**Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision**

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall be placed in the Watkinson halfway house or its equivalent substitute for a period of 3 month. Further, the defendant is to comply with all the conditions set forth by staff in this facility.

2. The defendant shall refrain from any and all uses of alcohol.

3. The defendant shall participate in a program for the treatment of compulsive gambling in a program approved by the U.S. Probation Office. The defendant shall pay all, or a portion of, the costs associated with treatment, based on his ability to pay, with the amount to be determined by the probation office. The defendant will refrain from gambling and will not enter any establishment known to promote gambling.

Witness: _____  Signed: _____
U.S. Probation Officer                            Probationer or Supervised Releasee

8-5-05
Date